United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40150
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY DECKARD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
(9:02-CR-41-1)
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The captioned case is before us on remand from the Supreme Court of the United States in the wake of its opinion in United States v. Booker.[1] On remand, we have reviewed the supplemental filings of the parties, reconsidered the facts and applicable law in light of Booker and its progeny in both the Supreme Court and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] __ U.S. ___ 125 S.Ct. 738 (2005).

this circuit, and conclude that, when we review Deckard's post-Booker challenge under the applicable plain error standard, he has failed to demonstrate entitlement to have his sentence vacated and the case remanded for resentencing.

The government is likely correct that, as Deckard failed to mount a Sixth Amendment challenge to the district court's application of the Sentencing Guidelines, and raising it for the first time in his petition for certiorari, we should not consider it. We nevertheless do so, albeit under plain error. We are satisfied that if any such error exists, it would be harmless, given the district court's original sentencing. Even though the Guidelines were treated as mandatory, the sentence (which Deckard did not directly appeal) was correctly calculated and was facially reasonable. More importantly, Deckard has not and cannot demonstrate any likelihood that, were we to remand for resentencing, the district court would impose a lesser sentence when treating the Guidelines as advisory only. Thus any plain error was clearly harmless and Deckard's substantial rights unaffected by the sentence that we perceive as reasonable.

Deckard's conviction and sentence are, in all respects, AFFIRMED.